# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0763
Filed June 24, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Leon Curtis Nobles II,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable David Porter, Judge.

————————————

**AFFIRMED**

————————————

Austin Jungblut of Parrish Kruidenier, L.L.P., Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney
General, attorneys for appellee.

————————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Ahlers, P. J.

1

**AHLERS, Presiding Judge.**

As part of a plea agreement, Leon Nobles II pleaded guilty to the class "D" felony offense of eluding while exceeding the speed limit by twenty-five miles per hour or more, enhanced as a habitual offender. *See* Iowa Code §§ 321.279(2)(a), 902.8, 902.9(1)(c) (2024). After the district court accepted his written guilty plea, Nobles filed a motion in arrest of judgment. As relevant to this appeal, the motion asked the court to set aside the guilty plea because Nobles was unclear "as to whether the [plea] agreement was a joint recommendation for probation and treatment or for [the] parties to be free to argue sentencing." The district court denied the motion, denied Nobles's request for probation, and sentenced Nobles to an indeterminate term of incarceration not to exceed fifteen years with a minimum of three years.

Nobles appeals. He contends the district court abused its discretion in denying his motion in arrest of judgment, and he asks us to grant discretionary review to grant him relief on that basis. He also contends the district court considered unproven conduct in deciding his sentence.

We first address whether we have jurisdiction over the appeal and, if so, the scope of our authority. Because he pleaded guilty to a charge that is not a class "A" felony, Nobles must establish good cause before we have jurisdiction over his appeal. *See id.* § 814.6(1)(a)(3). By challenging his sentence—which was neither mandatory nor agreed to as part of the plea agreement—Nobles has established good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). And because good cause is established as to one issue, we have jurisdiction over the entire appeal. *State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023).

But having jurisdiction over all issues does not mean we necessarily have authority to resolve them. *Id.* at 144–46. Here, neither party disputes that we have authority to address Nobles's sentencing challenge, and we agree, so we will address the merits of that challenge later in the opinion. *See id.* at 146. But, as to the challenge to Nobles's guilty plea, the parties agree that discretionary review is required, and they are right. *See State v. Mitchell*, No. 23-0987, 2024 WL 3050726, at *2 (Iowa Ct. App. June 19, 2024) ("[W]e agree discretionary review is required for us to consider the merits of the court's denial of Mitchell's motion in arrest of judgment.").

We have authority to treat Nobles's notice of appeal as an application for discretionary review, and Nobles asks us to do so. *See* Iowa R. App. P. 6.151(1). "We are authorized, but not required, to grant discretionary review if we determine 'substantial justice has not been accorded the applicant.'" *State v. Merten*, No. 24-1614, 2026 WL 222308, at *2 (Iowa Ct. App. Jan. 28, 2026) (quoting Iowa R. App. P. 6.1016(2)). The State urges us not to exercise that authority because Nobles has failed to show or even argue that, but for the claimed defect in the plea proceeding, he more likely than not would not have pleaded guilty—a showing required by Iowa Code section 814.29 before a challenge to a guilty plea based on alleged defects in the plea proceeding can be successful. We agree that Nobles has made no such showing, and we therefore decline to grant his request for discretionary review. *See id.* So we do not address Nobles's challenge to his guilty plea further.

As to his challenge to his sentence, since the sentence falls within statutory limits, we review for an abuse of discretion or the consideration of inappropriate matters, which includes unproven allegations. *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024). Nobles claims the court

3

considered unproven conduct when it noted there were three schools and a park near where Nobles drove his vehicle while eluding law enforcement.

When a challenge to a sentence is based on the claim that the court considered unproven conduct, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *Id.* at 618 (citation omitted). Nobles claims the nearness of schools and a park could only have been gleaned from the minutes of testimony, and he never admitted to the facts contained in the minutes. But there is no indication in the record that the court considered the minutes. And Nobles's claim that the minutes had to have been the source for the information noted by the court ignores the fact that a dashcam video of the chase was admitted at the sentencing hearing. That video showed the stores passed and streets traveled during the chase as well as officers' statements narrating what streets they were traversing and where the chase ended. The video evidence provided the court with the information needed to support the court's comments about the location of schools and a park, so the court did not consider unproven conduct. Accordingly, Nobles's claim fails.

**AFFIRMED.**